THOMAS W. SIMS, Executor *v.* KATE HODGES ET AL.

1. FOREIGN EXECUTOR.    *When qualified to recover land here.    §§ 1976, 1978, Code 1880.*

   A foreign executor cannot maintain an action of ejectment to recover possession of land in this State without first taking out letters testamentary here, in compliance with Section 1978, Code of 1880, even though the will be duly probated, as required by Section 1976 of the Code, and gives the executor a power to sell such land.

2. SAME.    *Right to sue under Section 2091, Code of 1880.    Application of statute.*

   Section 2091 of the Code of 1880, which provides that an executor who has qualified in another State may sue as such in the courts of this State, or receive and give acquittance for any property of, or debts due to, his testator, after filing in the office of the clerk of the Chancery Court of the county where there may be some person indebted to, or having effects of,

the decedent in his hands, a duly certified copy of the record of the appointment and qualification of such executor, according to the law of the State of such executor, and a certificate of the proper officer of such State that such executor is there liable to account for the thing sued for or received, has no application to real estate.

APPEAL from the Circuit Court of Chickasaw County.

HON. LOCK E. HOUSTON, Judge.

This is an action of ejectment and was brought by Thos. W. Sims, as executor of the estate of Virginia P. Sims, deceased, against Mrs. Kate Hodges and others to recover possession of certain land in Chickasaw County. On the trial plaintiff introduced a copy of the will of Mrs. Sims, deceased, which had been duly probated in Chickasaw County, and in which Thos. W. Sims was named as executor. The will was executed in Mobile, Ala., where the decedent had lived and died, and the executor was also a resident of that city. The will provided, after devising all of the testatrix's property real and personal to her child or children, as follows: "As to any and all other lands of mine and real estate, outside of the said pavilion tract and Choctaw Point tract, and outside of said lands lying between Tennessee and Virginia streets, above referred to, it is my will and desire that the executor of my last will and testament shall have, and I do hereby give to him, full power and authority to sell and dispose of the same, and of each and every part thereof as he may deem best for the interest of my said child or children surviving me, and for cash or upon such terms as my said executor may deem advisable." The lands mentioned specially above are not situated in this State, so that the power to sell "other lands" included those lying in this State. The plaintiff also offered a certified copy of the letters testamentary granted to him by the Probate Court of Mobile County, Ala.; but showed no such letters granted in this State. The plaintiff also offered a certificate in accordance with the provisions of Sec. 2091, Code of 1880. This certificate was as follows:

"State of Alabama, Mobile County.

I, Price Williams, Jr., Judge of the Court of Probate in and for said County and State hereby certify that the said Thos.

W. Sims is duly qualified to act as the executor upon the estate of Virginia P. Sims, deceased, and that said Sims will be liable to account before the said Probate Court of Mobile County for such matters and things as may come to his hands or possesion, as such executor, by suit or otherwise.

Evidence to show the title of Virginia P. Sims, deceased, to the land in dispute was offered. Upon motion of the defendants, all the evidence of plaintiff was excluded and the Court instructed the jury to find for the defendants.

The plaintiff appealed.

*T. J. Buchanan & W. R. Harper*, for the appellant.

The will shows that the executor had full control over and was liable to account for both the reality and the personalty. A copy of the will having been duly probated, it was there to speak for itself; and the certificate of the probate judge that the executor was liable to account for the realty was wholly unnecessary.

It was, therefore, not necessary either to comply with Section 2091, or to take out letters in this State; but if necessary, Section 2091 was substantially complied with and this would seem to be sufficient.

As to the ground that letters of executorship must in all cases first be taken out in this State before suit to recover realty, we say (1) that an executor under a probated will which gives him control over the realty is not required to take out letters before suit. The power to sue arises by virtue of the will. The letters are merely *evidence* of identity, and are only needed at the trial to establish that the party suing is the one named in the power.

*Crusoe* v. *Butler and wife*, 36 M ss., 150; *Poole* v. *Fleeger*, 11 Peters, 185; *Lewis and wife* v. *McFarland*, 9 Cranch., 151.

And in the case at bar the letters from the Alabama Court are amply sufficient for such purpose.

*W. R. Harper*, also argued the case orally.

*A. Y. Harper & W. E. Baskin* filed briefs for the appellees.

ARNOLD, J., delivered the opinion of the Court.

The action of the court below, in excluding from the jury the testimony for appellant, and instructing them to find for

appellee, is justified by the fact that though an authenticated copy of the will through which appellant claims had been admitted to probate in this State, he had not qualified as executor or taken out letters testamentary here, and was, therefore, not entitled in his executorial capacity, to the possession of the land in controversy.

It cannot be doubted that title to or interest in, land, must be made and acquired according to the *lex rei sitae*, and that each State or country may prescribe the manner in which title to real estate situate in its jurisdiction, shall pass, and what evidence of the character and authority of a foreign executor shall be sufficient for him either to sell such estate or to recover the same by suit.

The probation of the will in Alabama, and of an authenticated copy thereof afterwards in this State, had only such effect here as allowed by our laws. This was sufficient to have enabled appellant, without qualifying as executor in this State, to execute the special power conferred upon him by the will to sell the land. *Crusoe* v. *Butler* 36 Miss., 150; *Newton* v. *Bronson*, 13 N. Y., 587. But it was not enough to enable him, as executor, to recover the land in an action of ejectment. It is only executors who have qualified as such in this State, and according to its laws, that are entitled, when necessary to execute the provisions of the will under which they act, to the possession of real estate. Code, Section 1983.

It was necessary, to render appellant capable of maintaining the suit as executor, that an authenticated copy of the will should have been probated in this State, under Section 1976 of the Code, as was done; or that the original will should have been probated here, as domestic wills are required to be probated under the laws of the State, and that he should, in either case, have taken out letters testamentary in this State. Code, Section 1978. Section 2091 of the Code, which provides that an executor or administrator who has qualified in another State or country may sue as such in the courts of this State, or receive and give acquittance for any property of, or debts due to, his testator or intestate, after filing in the office of the clerk of the Chancery Court of the county, where there may be some person

indebted to, or having effects of the decedent in his hands, a duly certified copy of the record of the appointment and qualification of such executor or administrator, according to the law of the State or country of such executor or administrator, and a certificate of the proper officer of such State or country that such executor or administrator is there liable to account for the thing sued for or received, cannot aid appellant, for it does not apply or have relation to realty.

*Affirmed.*